**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CONNIE MCHUGH, and GILBERT FALLEN, | : | Civil No. 3:18-CV-01012 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| VERTICAL PARTNERS WEST, LLC, d/b/a VENOM GROUP INTERNATIONAL, and YUNTONG POWER CO., LTD a/k/a ZHANGSHAN ELECTRIC WIN TECHNOLOGY CO., LTD | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is Defendant Yuntong Power Co., LTD a/k/a Zhangshan

Electric Win Technology Co., LTD's ("Yuntong") motion to dismiss for lack of

personal jurisdiction. (Doc. 27.) The court holds that although personal

jurisdiction cannot be established at this juncture, it is appropriate to permit

jurisdictional discovery. Thus, for the reasons that follow, the court will deny the

motion to dismiss without prejudice and will grant Plaintiffs' request to conduct

jurisdictional discovery.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs Connie McHugh ("McHugh") and Gilbert Fallen (collectively,

"Plaintiffs") initiated this action by filing a complaint in the Court of Common

Pleas for Carbon County, Pennsylvania on April 6, 2018. (Doc. 1-2.) On May 14,

1

2018, Defendant Vertical Partners West, LLC d/b/a Venom Group International ("Venom") removed this case to this court on the basis of diversity jurisdiction under 28 U.S.C. § 1442.  (Doc. 1.)  Plaintiffs filed an amended complaint on September 18, 2019, adding Yuntong as a defendant and setting forth causes of action consisting of one count of negligence, breach of warranty, and strict liability against each Defendant.  (Doc. 10.)

The following facts are gleaned from Plaintiffs' amended complaint and are taken as true for the purpose of ruling on Yuntong's motion to dismiss.  On March 19, 2016, McHugh purchased a Bias 5000 mAh battery pack (hereinafter "the battery pack") from an online seller.  (*Id.* ¶¶ 3, 6.)  Plaintiffs aver that Defendants were in the business of manufacturing, distributing and/or selling batteries, battery packs, and battery chargers, including the battery pack at issue in this case.  (*Id.* ¶¶ 3, 5.)  On July 27, 2016, a fire occurred at Plaintiffs' property causing severe fire and smoke damage.  (*Id.* ¶ 7.)  At the time of the fire, the battery pack was plugged into an outlet and charging in the utility/storage area of the basement of Plaintiffs' property.  (*Id.* ¶ 8.)  Plaintiffs allege that the fire was caused by the battery pack, which "developed an internal short that could not be detected or mitigated by the separate charger based system." (*Id.* ¶ 9.)  As a result of the fire, Plaintiffs sustained property losses and damages in the amount of $156,111.03.  (*Id.* ¶ 10.)

2

Venom answered Plaintiffs' amended complaint and filed a crossclaim against Yuntong on November 1, 2018.  (Doc. 11.)  This action was subsequently stayed, at Plaintiffs' request, in order to effect service on Yuntong, whose principal place of business and registered company address is located in China.  (Docs. 15, 16, 17.)

On November 8, 2019, Yuntong filed the present motion to dismiss Plaintiffs' amended complaint followed by a brief in support thereof on November 12, 2019.  (Docs. 27, 28.)  Plaintiffs and Venom timely opposed the motion on December 3, 2019, and December 6, 2019, respectively.  (Docs. 33, 34.)  Yuntong filed a reply on December 10, 2019.  (Doc. 36.)  Thus, this motion is fully briefed and ripe for disposition.

## JURISDICTION[1]

Under 28 U.S.C. § 1441, this action was properly removed to this court because the court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000.  Further, venue is appropriate because all the action detailed in the complaint occurred within the Middle District of Pennsylvania.

---

[1] This section excludes the personal jurisdiction issue that is currently before the court.

### STANDARD OF REVIEW

Yuntong seeks dismissal of Plaintiffs' amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.  The court, in determining whether it has personal jurisdiction over a defendant, must take the facts alleged by the plaintiff as true and construe disputed facts in the plaintiff's favor.  *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (citing *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007)); *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).  At this stage of the case, a plaintiff "need only establish a prima facie case of personal jurisdiction."  *Id.* (internal quotations omitted) (quoting *O'Connor*, 496 F.3d at 316).  Courts will typically allow limited jurisdictional discovery when a plaintiff's claim of jurisdiction "is not clearly frivolous."  *Metcalfe*, 566 F.3d at 335–36 (citing *Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurances*, 723 F.2d 357, 362 (3d Cir. 1983)).

### DISCUSSION

District courts generally exercise "personal jurisdiction according to the law of the state where it sits."  *Cruickshank-Wallace v. CNA Fin. Corp.*, 769 F. App'x 77, 79 (3d Cir. 2019) (citing Fed. R. Civ. P. 4(k)(1)(A)).  Pennsylvania's Long-Arm Statute confers personal jurisdiction to an extent consistent with that

permitted by the United States Constitution.  42 Pa. Cons. Stat. §§ 5308, 5322(b).

Thus, the court's analysis will be confined to the constitutional requirements.

The due process clause of the United States Constitution permits general and

specific personal jurisdiction.  *O'Connor*, 496 F.3d 312, 317 (3d Cir. 2007).

General jurisdiction may be exercised over a foreign corporation when the

corporation's "affiliations with the state are so continuous and systematic as to

render [it] essentially at home in the forum state." *Daimler AG v. Bauman*, 571

U.S. 117, 122 (2014).  A corporation is "at home" where it is incorporated or has

its principal place of business. *Id.* at 139.

In contrast, specific jurisdiction permits the court to "hear claims arising out

of or relating to the defendant's purposeful contacts with the state." *Novinger's,*

*Inc. v. A.J.D. Constr. Co.*, 376 F. Supp. 3d 445, 451 (M.D. Pa. 2019) (citing

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)).

Three elements are required for a court to have specific jurisdiction: (1) the

defendant purposefully directed its activities at the forum; (2) the cause of action

arose out of or relates to at least one of the purposefully directed activities; and (3)

if the first two elements are met, the court "may consider whether the exercise of

jurisdiction otherwise comports with fair play and substantial justice." *O'Connor*,

496 F.3d at 317.

As to jurisdictional discovery, "[a]lthough the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by allowing discovery unless the plaintiff's claim is clearly frivolous." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (internal quotations and citations omitted). "If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained." *Id.* (internal quotations and citations omitted). However, the court cannot permit a "fishing expedition" by the plaintiff. *Eurofins Pharma US Holdings v. Bioalliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010) (citing *Belden Techs., Inc. v. LS Corp.*, 626 F. Supp. 2d 448, 459 (D. Del. 2009)).

Here, Yuntong argues that because it is not incorporated in Pennsylvania and does not have its principal place of business in Pennsylvania, the court cannot exercise general jurisdiction over Yuntong. (Doc. 28, pp. 6–7.)[2] Similarly, Yuntong argues that Plaintiffs have not alleged a prima facie case of specific jurisdiction. (*Id.* at 7–9.) Yuntong avers that Plaintiffs did not establish any contacts in Pennsylvania with respect to the sale of the battery pack, or that Yuntong purposely directed any activities at Pennsylvania. (*Id.*) Regarding

---

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

jurisdictional discovery, Yuntong contends Plaintiffs have provided no basis to believe jurisdiction exists and, thus, are not entitled to any discovery.  (Doc. 36.)

In opposition, Plaintiffs argue that Yuntong sets forth conclusory and unsupported contentions regarding whether this court has jurisdiction over Yuntong in this action.  (Doc. 33, p. 4.)  They request leave to conduct jurisdictional discovery and contend that Venom purchased the battery pack from Yuntong, which leads Plaintiffs to believe that jurisdictional discovery would reveal: (1) a purchase order from Venom and Yuntong; (2) who placed the order for the battery pack; (3) whether Yuntong had knowledge of who the final customer was for the battery pack; (4) whether the purchase order indicates a final destination of Pennsylvania, specifically within the Middle District's jurisdiction; (4) whether the battery back arrived in Pennsylvania prior to being shipped to Venom; and (5) whether the bill of lading indicates Yuntong knew the battery pack would be used in Pennsylvania.  (*Id.* at 5.)  Plaintiffs further argue that Yuntong has minimum contacts with Pennsylvania sufficient for specific jurisdiction because Yuntong provided the battery pack to Venom, which was then sold to Plaintiffs.  (*Id.* at 7.)  Ultimately, Plaintiffs request leave to conduct jurisdictional

discovery to determine if the court has specific jurisdiction over Yuntong.[3]  (*Id.* at 9–11.)

Here, it is unlikely, even with the benefit of jurisdictional discovery, that this court has general jurisdiction over Yuntong.  However, with additional information that could be obtained through jurisdictional discovery, specific jurisdiction is conceivable.  It is plausible that Plaintiffs can establish that Yuntong purposefully directed the sale of the battery pack to Pennsylvania, and that this action arose out of or relates to Yuntong's contacts with Pennsylvania.  In that regard, Plaintiffs' claim is not frivolous – they purchased a battery pack in Pennsylvania that was manufactured and supplied by Venom and/or Yuntong, and that battery pack was delivered and used in Pennsylvania.  Accordingly, the court concludes that Plaintiffs' factual allegations are sufficient to allow jurisdictional discovery, though not to make a determination with respect to whether personal jurisdiction exists with respect to Yuntong at this point.

---

[3] Venom also opposes Yuntong's motion to dismiss arguing that either jurisdiction has been established, or the court should permit the parties to conduct jurisdictional discovery.  (Doc. 34.)

## CONCLUSION

For the reasons stated herein, the court will deny Yuntong's motion to dismiss without prejudice and grant the parties ninety days to conduct jurisdictional discovery.  An appropriate order will issue.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: June 1, 2020