# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONNIE MCHUGH and GILBERT FALLON, | Civil No. 3:18-CV-01012 |
| Plaintiffs, | |
| v. | |
| VERTICAL PARTNERS WEST, LLC, d/b/a VENOM GROUP INTERNATIONAL, and YUNTONG POWER CO., LTD. a/k/a ZHANGSHAN ELECTRIC WIN TECHNOLOGY CO., LTD. | |
| Defendants. | Judge Jennifer P. Wilson |

## MEMORANDUM

This is a products liability case that is currently before the court on a motion to dismiss for lack of personal jurisdiction filed by Defendant Yuntong Power Co., Ltd. ("Yuntong") and Plaintiffs' related motion to transfer the case to the United States District Court for the District of Idaho. (*See* Docs. 43, 47.) For the reasons that follow, the court concludes that it lacks personal jurisdiction over Yuntong but that it is in the interest of justice to transfer the case to the District of Idaho rather than dismissing the case. Accordingly, the motion to dismiss is denied and the motion to transfer is granted.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs Connie McHugh ("McHugh") and Gilbert Fallen (collectively, "Plaintiffs") initiated this action by filing a complaint in the Court of Common

Pleas for Carbon County, Pennsylvania on April 6, 2018.  (Doc. 1-2.)  On May 14, 2018, Defendant Vertical Partners West, LLC d/b/a Venom Group International ("Venom") removed this case to this court on the basis of diversity jurisdiction under 28 U.S.C. § 1442.  (Doc. 1.)  Plaintiffs filed an amended complaint on September 18, 2019, adding Yuntong as a defendant and setting forth causes of action consisting of one count of negligence, breach of warranty, and strict liability against each Defendant.  (Doc. 10.)

      The following facts are gleaned from Plaintiffs' amended complaint and are taken as true for the purpose of ruling on Yuntong's motion to dismiss.  On March 19, 2016, McHugh purchased a Bias 5000 mAh battery pack (hereinafter "the battery pack") from an online seller.  (*Id.* ¶¶ 3, 6.)  Plaintiffs aver that Defendants were in the business of manufacturing, distributing and/or selling batteries, battery packs, and battery chargers, including the battery pack at issue in this case.  (*Id.* ¶¶ 3, 5.)  On July 27, 2016, a fire occurred at Plaintiffs' property causing severe fire and smoke damage.  (*Id.* ¶ 7.)  At the time of the fire, the battery pack was plugged into an outlet and charging in the utility/storage area of the basement of Plaintiffs' property.  (*Id.* ¶ 8.)  Plaintiffs allege that the fire was caused by the battery pack, which "developed an internal short that could not be detected or mitigated by the separate charger based system."  (*Id.* ¶ 9.)  As a result of the fire, Plaintiffs sustained property losses and damages in the amount of $156,111.03.  (*Id.* ¶ 10.)

Venom answered Plaintiffs' amended complaint and filed a crossclaim against Yuntong on November 1, 2018. (Doc. 11.) The case was subsequently stayed, at Plaintiffs' request, in order to effect service on Yuntong, whose principal place of business and registered company address is located in China. (Docs. 15–17.) Yuntong filed a motion to dismiss for lack of personal jurisdiction on November 8, 2019. (Doc. 27.) The court denied the motion to dismiss without prejudice on June 1, 2020, and allowed the parties a ninety-day period to conduct jurisdictional discovery. (Docs. 38–39.)

After the conclusion of jurisdictional discovery, Yuntong filed the instant motion to dismiss for lack of personal jurisdiction on September 11, 2020. (Doc. 43.) Yuntong filed a brief in support of the motion on September 14, 2020. (Doc. 44.) Plaintiffs opposed the motion to dismiss on September 23, 2020, and simultaneously filed a motion to transfer the case to the District of Idaho and a brief in support of that motion. (Docs. 46–48.) Yuntong filed a reply brief in support of its motion to dismiss on September 30, 2020. (Doc. 49.) Venom filed a brief in opposition to Yuntong's motion to dismiss on the same day, and Yuntong then filed a reply brief on October 1, 2020. (Docs. 51–52.) Yuntong filed a brief opposing the motion to transfer on October 5, 2020, and amended its brief on October 6, 2020. (Docs. 53–54.) No further briefs have been filed, and the

briefing deadlines arising from the motion to dismiss and the motion to transfer have expired. Accordingly, both motions are ripe for the court's disposition.

## SUBJECT MATTER JURISDICTION

This court has subject matter jurisdiction under 28 U.S.C. § 1332, which allows a district court to exercise subject matter jurisdiction where the parties are citizens of different states and the amount in controversy exceeds $75,000.[1]

## STANDARD OF REVIEW

Yuntong seeks dismissal of Plaintiffs' amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. The court, in determining whether it has personal jurisdiction over a defendant, must take the facts alleged by plaintiffs as true and construe disputed facts in the plaintiffs' favor. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (citing *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007)); *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). The burden to establish personal jurisdiction over a defendant rests with the plaintiffs, and once a defendant has challenged personal jurisdiction the plaintiff must prove "by affidavits or other competent evidence that jurisdiction is proper." *Metcalfe*, 566 F.3d at 330. At this stage of the case, however, plaintiffs "need only establish

---

[1] This section excludes the personal jurisdiction issue that is currently before the court.

a prima facie case of personal jurisdiction." *Id.* (internal quotations omitted) (quoting *O'Connor*, 496 F.3d at 316).

## DISCUSSION

### A. The Court Does Not Have Personal Jurisdiction Over Yuntong

A district court generally exercises "personal jurisdiction according to the law of the state where it sits." *Cruickshank-Wallace v. CNA Fin. Corp.*, 769 F. App'x 77, 79 (3d Cir. 2019) (citing Fed. R. Civ. P. 4(k)(1)(A)). Pennsylvania's Long-Arm Statute confers personal jurisdiction to an extent consistent with that permitted by the United States Constitution. 42 Pa. Cons. Stat. §§ 5308, 5322(b). Thus, the court's analysis will be confined to the constitutional requirements.

The due process clause of the United States Constitution permits general and specific personal jurisdiction. *O'Connor*, 496 F.3d at 317. General jurisdiction may be exercised over a foreign corporation when the corporation's "affiliations with the state are so continuous and systematic as to render [it] essentially at home in the forum state." *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014).

In contrast, specific jurisdiction permits the court to "hear claims arising out of or relating to the defendant's purposeful contacts with the state." *Novinger's, Inc. v. A.J.D. Constr. Co.*, 376 F. Supp. 3d 445, 451 (M.D. Pa. 2019) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). Three elements are required for a court to have specific jurisdiction: (1) the

defendant purposefully directed its activities at the forum; (2) the cause of action arose out of or relates to at least one of the purposefully directed activities; and (3) if the first two elements are met, the court "may consider whether the exercise of jurisdiction otherwise comports with fair play and substantial justice." *O'Connor*, 496 F.3d at 317.

In this case, Yuntong argues that the claims against it should be dismissed for lack of personal jurisdiction because Plaintiffs have failed to allege or establish any facts that would allow a Pennsylvania court to exercise personal jurisdiction. (Doc. 44 at 6–12.)  According to Yuntong, evidence of record in the case establishes only that Yuntong's batteries "were shipped from China to Seattle, Washington and then trucked to Idaho." (*Id.* at 11.)  Thus, Yuntong argues, there is no evidence that it took any actions directed towards Pennsylvania. (*Id.*)

Plaintiffs essentially concede that a court in Pennsylvania cannot exercise personal jurisdiction over Yuntong, as they offer no evidence to establish personal jurisdiction in Pennsylvania. (Doc. 46.)  Instead, Plaintiffs argue that Yuntong is subject to personal jurisdiction in Idaho, and accordingly move to transfer the case to the District of Idaho. (Docs. 46–48.)  For its part, Venom argues that a Pennsylvania court may exercise personal jurisdiction over Yuntong because Yuntong sold its batteries to Venom pursuant to an agreement that allowed Venom to sell the batteries in "any geographic sales territory and to any sales channels it

desires," which by definition would include Pennsylvania. (Doc. 51 at 4.) Venom further argues that jurisdiction is proper because the facts giving rise to Venom's cross-claims against Yuntong occurred in Pennsylvania, thus establishing that Yuntong purposefully directed its activities towards Pennsylvania. (*Id.* at 4–5.)

Having reviewed the parties' arguments, the court concludes that it may not exercise personal jurisdiction over Yuntong. To begin, the court does not have general jurisdiction over Yuntong because there is no evidence that Yuntong has continuous and systematic contacts with Pennsylvania. *See Daimler*, 571 U.S. at 122. The court also lacks specific jurisdiction over Yuntong because neither Plaintiffs nor Venom have introduced any evidence to establish that Yuntong purposefully directed its activities towards Pennsylvania. *See O'Connor*, 496 F.3d at 317. As Yuntong correctly notes, evidence in the record establishes only that Yuntong's batteries were shipped to Washington and then trucked to Idaho. There is no evidence that Yuntong directed its goods to Pennsylvania in any way.

Although Venom argues that personal jurisdiction is proper because Yuntong solds its batteries to Venom and the parties' contract allowed Venom to then sell the batteries wherever it wanted, this is not sufficient to establish jurisdiction. In effect, Venom argues that by selling a product to an American vendor, a seller consents to jurisdiction anywhere in the United States that the

vendor sells the product. This argument was rejected by the Supreme Court in *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873 (2011).[2]

In *Nicastro*, a company based in the United Kingdom manufactured a product and sold it to a United States distributor, which subsequently sold the product to an individual in New Jersey. *Id.* at 878 (plurality opinion). The New Jersey individual got injured while using the product and subsequently sued the United Kingdom company in New Jersey state court. *Id.* The company challenged the court's exercise of personal jurisdiction, and on appeal, the majority of the Supreme Court held that New Jersey courts could not exercise personal jurisdiction over the company because there was no evidence that the company had purposefully directed its activities towards New Jersey. *Id.* at 885–87 (plurality opinion), 889–90 (Breyer, J., concurring).

This case is similar to *Nicastro*. As in that case, the evidence establishes that a manufacturer sold its products to a United States company and that the products were then sold to a consumer in a different state that had no direct connection to the manufacturer. Thus, like the Court in *Nicastro*, the court here finds that there is no evidence that Yuntong purposefully directed its activities

---

[2] Although no opinion garnered a majority of the court in *Nicastro*, six of the nine justices agreed that the lower court could not exercise personal jurisdiction over the defendant. *See Nicastro*, 564 U.S. at 887 (plurality opinion); *id.* at 893 (Breyer, J., concurring).

towards Pennsylvania, and Pennsylvania courts accordingly do not have personal jurisdiction over Yuntong.

### B. The Court Will Transfer the Case to the District of Idaho

Having concluded that the court lacks personal jurisdiction over Yuntong, the court turns its attention to Plaintiffs' motion to transfer the case to the United States District Court for the District of Idaho. (Doc. 47.) Plaintiffs argue that a transfer is appropriate under 28 U.S.C. § 1406 because the District of Idaho is the proper forum under 28 U.S.C. § 1391 and this district is an improper forum under that statute. (Doc. 48 at 3–4.) Plaintiffs additionally argue that even if this district is a proper forum, the case should nonetheless be transferred to the District of Idaho for the convenience of the parties under 28 U.S.C. § 1404(a). (*Id.* at 5.)

Neither of Plaintiffs' arguments has merit. To begin, a transfer under § 1406 is only warranted if venue is laid "in the wrong division or district." 28 U.S.C. § 1406. Under 28 U.S.C. § 1391, however, venue is proper in:

> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Venue is therefore proper in this district because a "substantial part of the events or omissions giving rise to the claim"—in this case, the fire—occurred in this district. There is accordingly no cause to transfer the case under § 1406.

A transfer is similarly not warranted under § 1404(a), which states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The purpose of the transfer provision under § 1404(a) "is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Those goals would not be advanced by transferring this case to the district of Idaho, because most of the fact witnesses in this case—the people who witnessed the fire—are located in Pennsylvania. Accordingly, the court finds that a transfer is not warranted under § 1404(a).

Nevertheless, despite Plaintiffs only seeking a transfer under Sections 1404(a) and 1406, the court will also consider whether a transfer is warranted under 28 U.S.C. § 1631, which allows a court to transfer a case to cure a lack of jurisdiction. Under § 1631, a district court, upon finding that it lacks jurisdiction, "shall, if it is in the interest of justice" transfer the case to any other district "in

which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631.

A district court that finds that it lacks personal jurisdiction over a defendant "must at least consider a transfer" under § 1631. *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020). The court may transfer a case sua sponte where neither party has sought a transfer under § 1631. *Id.* at 132. The court must make some findings as to the propriety of a transfer, but it ultimately has "broad discretion" as to whether to transfer the case. *Id.* (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995)).

The court finds that a transfer to the District of Idaho would be permitted under § 1631 because this case could have been brought in that district. Venom is subject to general personal jurisdiction in Idaho because it is incorporated in Idaho and has its principal place of business in Idaho. (*See* Doc. 10 ¶ 2.) Yuntong appears to be subject to specific personal jurisdiction in Idaho because evidence of record shows that all of the batteries it sold to Venom were shipped to Seattle, Washington and then trucked to Idaho, *see* Andrew Sarver Dep. at 50:4–12, Doc. 47-4 at 3, and the amended complaint alleges that one of those batteries caused the fire at issue in this case. (*See* Doc. 10 ¶ 8.) Venue also appears to be proper in the District of Idaho because Venom resides in that district and Yuntong would be deemed to reside there if it is subject to personal jurisdiction in that district. *See* 28

U.S.C. § 1391(b)(1) (stating that venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"); *id.* § 1391(c)(2) (stating that a corporation defendant "shall be deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question").

The court further finds that a transfer to the District of Idaho would be in the interest of justice. The fire in this case occurred on July 27, 2016, *see* Doc. 10 ¶ 7, and Idaho law sets a two-year statute of limitations for personal injury claims. Idaho Code § 5-219; *Gallagher v. Best W. Cottontree Inn*, 388 P.3d 57, 59 (Idaho 2017). Thus, the interest of justice would be advanced by transferring the case because Plaintiffs' claims would be time barred if the case were instead dismissed for lack of jurisdiction. *See, e.g.*, *Burnett v. New York Cent. R.R. Co.*, 380 U.S. 424, 430 (1965). The court will therefore transfer the case to the District of Idaho rather than dismissing the case for lack of jurisdiction.

## CONCLUSION

For the foregoing reasons, Yuntong's motion to dismiss is denied and Plaintiffs' motion to transfer is granted. An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Court Judge  
Middle District of Pennsylvania

Dated: December 8, 2020